## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

IN RE:

JULIA A. CULVER,

        Debtor

Chapter  13

Bankruptcy No.  23-00054

## OPINION AND ORDER ON OBJECTION TO CLAIM OF HOMESTEAD EXEMPTION

This matter came before the Court for an evidentiary hearing on June 1, 2023, on Sensible Properties, LLC's ("Sensible") Objection to Debtor's Claim of Homestead Exemption (Doc. 16). Wil Forker appeared for the Debtor. Carol Dunbar appeared for herself as Chapter 13 Trustee. David Briese appeared for Sensible. The Court heard argument and took the matter under advisement after the parties submitted final briefs. This is a core proceeding under 28 U.S.C. § 157(b)(2).

### I. BACKGROUND AND STATEMENT OF THE CASE

Debtor filed her Chapter 13 plan on January 23, 2023. Sensible objected to the plan, arguing it had a judicial lien for $22,343.04 on real estate owned by the Debtor. Sensible also objected to Debtor's Claim of Homestead Exemption. Debtor then filed a Motion to Avoid Lien, to which Sensible also objected.

The Court held an evidentiary hearing and took post-trial briefs. After reviewing the evidence and the arguments, the Court sustains Sensible's Objection to the Plan and Objection to Debtor's Claim of Homestead Exemption. The Debtor's Motion to Avoid Lien is denied.

## II. FINDINGS OF FACT

The real property Debtor claims as her homestead is located at 5800 Garretson Avenue, Sioux City, Woodbury County, Iowa. It collectively consists of approximately 20 acres. The property is legally described as follows:

> Lots Twenty Two to Thirty Two in Block Twenty Eight, Lots Seven to Thirty Two in Block Twenty Nine all in Morningside Addition to Sioux City, Second Filing, in the County of Woodbury and State of Iowa
>
> And
>
> That portion of Stoddard Ave lying between Lots 7 through 19 of Block 29 and Lots 20 through 32 of Block 28 and all of a 16' wide alley in block 29 of Morningside Addition, Second Filing, to Sioux City, Iowa in Section 4 T88N, R47W, Woodbury Township of the 5th P.M. Woodbury County, Iowa.

("Debtor's Property"). Sensible Properties has a judicial lien over a portion of the Debtor's Property, legally described as:

> The East 8 feet of the vacated N/S alley between Lots 18, 19 & 20, 21 & the vacated N/S alley between Lots 7 to 17, both inclusive & Lots 22 to 32, both inclusive, all in Block 30, Morning Side Addition to Sioux City, Second Filing, in the County of Woodbury and State of Iowa, AND the East 8 feet of the vacated N/S alley between Lots 12 to 19, both inclusive & Lots 20 to 27, both inclusive, and vacated N/S alley between Lots 7 to 11, both inclusive and Lots 28 to 32, both inclusive,

all in all in Block 31, Morning Side Addition to Sioux City, Second Filing, in the County of Woodbury and State of Iowa, AND Vacated Hoyne Avenue lying between Blocks 32 & 33; Part vacated Irving Avenue lying North of centerline extended of vacated Wells Avenue adjacent to Lots 1 to 5 both inclusive, in Block 33; N 30 feet of Morningside Avenue lying East of the centerline extended of vacated Wells Avenue and West of the West right of way line of vacated Irving Avenue; Part vacated Vine Street, lying East of the West line extended of vacated N/S alley running thru Blocks 31 & 32 and West of the West right of way line of vacated Irving Avenue; all in Morning Side Addition to Sioux City, Second Filing, in the County of Woodbury and State of Iowa.

The judicial lien on this property is based on a monetary judgment entered in the Iowa District Court for Woodbury County Case No. LACV187343. The monetary judgment on which the lien is based is a state court judgment against Debtor in favor of Sensible for trespass and tortious interference with contract. The judgments with interest total $22,343.04—the amount Sensible is claiming against the properties. Debtor did not defend the claims against her and does not challenge them—or the amounts of the judgment. Debtor argues they cannot attach to any of the property she owns because it is her homestead.

### III.    CONCLUSIONS OF LAW/DISCUSSION

The Bankruptcy Code permits a debtor to choose between the exemptions provided in 11 U.S.C. § 522(d) and the exemptions provided by the applicable state law, unless that state has chosen to opt out of the federal exemptions. 11 U.S.C. § 522(b)(3)(A). Iowa has chosen to opt out of federal exemptions. See Iowa Code § 627.10 ("A debtor to whom the law of this state applies on the date of filing of a

petition in bankruptcy is not entitled to elect to exempt from property of the bankruptcy estate the property that is specified in 11 U.S.C. § 522(d).").  For this reason, Iowa homestead exemption laws govern this issue.  Sensible, as the party objecting to the claimed homestead exemption, "has the burden to prove the exemption is not properly claimed."  In re Gerholdt, Bankr. No 11-01321, 2011 WL 4352353, at *1 (Bankr. N.D. Iowa Sept. 16, 2011); see also Fed. R. Bankr. P. 4003(c); In re Roberts, 443 B.R. 531, 536–37 (Bankr. N.D. Iowa 2010).

Iowa law provides that "[t]he homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary."  Iowa Code § 561.16. "The homestead must embrace the house as used as a home by the owner" and "may contain one or more contiguous lots or tracts of land, with the building and other appurtenances thereon, *habitually and in good faith used as part of the same homestead*."  Iowa Code § 561.1 (emphasis added).  If located within a city plat, the homestead property may not consist of more than one-half acre.  Iowa Code § 561.2.  If not within a city plat, the homestead "must not contain in the aggregate more than forty acres."  Id.; see also Rutledge v. Wright, 171 N.W. 28, 30 (Iowa 1919) ("[The homestead] shall not exceed one-half an acre in area in a city nor exceed 40 acres outside a city.").

Iowa courts construe the homestead exemption "broadly and liberally to favor homestead owners."  In re Estate of Waterman, 847 N.W.2d 560, 567 (Iowa 2014);

4

see also In re Bly, 456 N.W.2d 195, 199 (Iowa 1990) ("The policy of our law is to jealously safeguard homestead rights."); Am. Sav. Bank of Marengo v. Willenbrock, 228 N.W. 295, 298 (Iowa 1929) ("The law allowing the exemption is to be liberally construed, and is not to be pared away by construction so as to defeat its beneficient, sociological, and economic purpose.").    "However, because the homestead exemption is a creature of statute, 'the court may not by interpretation or construction unduly extend its scope.'"  In re Roberts, 450 B.R. 159, 164–65 (N.D. Iowa 2011) (citing Floyd Cnty. v. Wolfe, 117 N.W. 32, 33 (Iowa 1908)).

Here, Sensible raises two issues.  It argues first that all the land at issue is within a "city plat" and thus Debtor is limited to a city homestead, which cannot exceed one-half acre.  Sensible's second argument is that the parcels of land are not "contiguous lots or tracts of land . . . habitually and in good faith used as part of the same homestead."  Iowa Code § 561.1.

## A. Are the Parcels within a City Plat or in the County?

The extent of the homestead exemption "is not based upon the circumstances or characteristics of the property [but rather] its location within a platted area of a city or town."  In re McDowell's Estate, 20 N.W.2d 24, 24 (Iowa 1945).  The Iowa Supreme Court defined a plat generally as "a subdivision of land into lots, streets and alleys, marked upon the earth and represented upon paper."  McDaniel v. Mace, 47 Iowa 509, 510 (1877).

Debtor's Property is legally described as being located within the "Morningside Addition, Second Filing, to Sioux City, Iowa." The area was surveyed and subdivided into lots, streets, and alleys way back in 1891 (Doc. 36, Exs. A & B). Sensible argues that because of the plain meaning of the term "plat" and the reference to the "Morning Side Addition to Sioux City," this Court must find that the Debtor's Property is located within a city plat and limit the homestead exemption to one-half acre.

Debtor argues that the evidence shows that the land never became part of Sioux City. It has remained part of Woodbury County—and not Sioux City. This conclusion is borne out by the testimony of Julia Culver and Eric Hennings who both testified that the property at question is in the County, not the City. Further, Exhibit E shows that Woodbury County, through its County Supervisors (not the City of Sioux City) transferred of parcels of land previously described as streets and common areas to Debtor. It described the land as being in Woodbury County, Iowa—not Sioux City.

The record does not show anywhere that the City ever accepted the land, annexed the land, or exercised any authority over it. Without some proof that the City did so, it cannot be considered a "city plat." See, e.g., McDaniel, 47 Iowa at 511 (emphasis added) ("By platting the land the proprietor has signified that the destiny of the land is changed; and, *if it is within a town as well as plat*, but half an

6

acre is exempt.")  Here, the land has been platted but there is no evidence in the record to show that the land is within the corporate city limits of Sioux City.  The Court further reaches this conclusion by applying the Iowa Supreme Court's guidance that the homestead exemption is to be construed broadly in Debtor's favor.  Thus, the exemption here is not limited to one-half acre.

### B. Does the Land Consist of Contiguous Lots, Habitually and in Good Faith Used as Debtor's Homestead?

Sensible argues that, at a minimum, its judicial lien attaches to what it calls the "judicial lien property"—parcels distinct from the main homestead.  Sensible first argues that the Debtor has never used the property at all, and in many ways has functionally abandoned it.  Sensible also argues that the "judicial lien property" is not contiguous, as the law requires.

Judgment liens cannot attach to property designated as a homestead under Iowa Code § 561.1. Iowa Code § 624.23(2).  The Iowa Code requires that "[t]he homestead must embrace the house used as a home by the owner."  Iowa Code § 561.1 (emphasis added).  "The Iowa courts have interpreted this phrase to mean that the house must be used 'as a home—a place to abide—a place for the family; and when thus used and occupied, it becomes the homestead, and not before.'" In re Keener, No. BR 14-01169, 2015 WL 998881, at *4 (Bankr. N.D. Iowa Mar. 3, 2015) (quoting Charless & Blow v. Lamberson, 1 Iowa 435, 435–36 (1855)); see also Christy v. Dyer, 14 Iowa 438, 440 (1863) ("[T]he homestead character does not attach

to property until it is actually occupied and used by the family as a home . . . [a] mere intention to occupy, though subsequently carried out, does not make the premises the homestead until there is actual residence."); Neal v. Coe, 35 Iowa 407, 409 (1872) ("[A]ctual use and occupation of property as a home is necessary in order to impress upon it the character of a homestead."); Blue v. Heilprin, 105 Iowa 608, 75 N.W. 642, 644 (1898)(emphasis added) ("[M]ere intention to occupy as a homestead does not give the homestead right . . . *there must be occupation as well as such intention*."). Although these are extremely old cases, they remain good law. See Keener, 2015 WL 998881, at \*4 (citing In re Estate of Timm, No. 12–1212, 837 N.W.2d 679, 2013 WL 3272488, at \*5 (Iowa Ct. App. 2013)).

There is nothing in the record to show that Debtor habitually and in good faith used this land as her homestead.  In fact, there is nothing showing that Debtor ever used the land as her homestead or used it at all.  Testimony from both Julia Culver and Eric Henning, neighbor of Julia Culver and owner of Sensible, established that there is no complete, maintained fence surrounding the property and that the property itself was not being maintained through mowing or other consistent care and use.  Specifically, Henning testified that the property was "vacant" and "just weeds."  As outlined above, Iowa homestead law puts a strong emphasis on the nature of the occupation and use of the homestead.  While there is no direct caselaw addressing the facts here, Iowa courts have consistently held that property that is

being used in a manner that supports the homestead, financially or otherwise, is exempt.  See, e.g., Hatter v. Icenbice, 207 Iowa 702, 223 N.W. 527, 529 (1929) (holding that "plaintiff's lots were habitually and in good faith used as a part of the same homestead" when plaintiff consistently farmed and cultivated the property); In re Sears, 246 B.R. 881 (Bankr. S.D. Iowa 2000) (thoroughly analyzing appurtenances to a homestead exemption claim, finding some exempt and others not).  Returning to the statutory language, § 561.1 states: "tracts of land, with the building and other appurtenances thereon, habitually and in good faith used as part of the same homestead" are exempt.  A thing is "appurtenant" to something else only when it "stands in relation of an incident to a principal and is *necessarily connected with the use and enjoyment of the latter*."  In re Estate of Sueppel, 255 Iowa 974, 977 (1963) (citing Catterall v. Pulis, 137 Okla. 86, 278 P. 292, 294 (1929)) (emphasis added).

Here, the weight of the evidence shows that the "judicial lien property" is not "necessarily connected with the use and enjoyment" of Debtor's homestead nor is it used in any way that helps to support said homestead.  Even if there was some evidence of use, the Iowa Supreme Court has held that "[t]he mere fact that [a debtor] used, worked and occupied the land does not necessarily establish that he used it as a part of his homestead . . . [h]e may never have so intended it, or so treated or recognized it."  Reynolds v. Hull, 36 Iowa 394, 295 (1873).  Again, there is no indication in the record that Culver "intended, treated, or recognized" the property

9

as part of her homestead and in fact, the record demonstrates the opposite.  Sensible
has carried its burden of showing that the homestead exemption does not reach the
"judicial lien property" and Debtor failed to rebut with any basis for finding that the
"judicial lien property" is part of her homestead.

The Court need not reach the question of whether the parcels of land are
contiguous.  Debtor's failure to provide rebuttal proof as to the use of the property
as a homestead is dispositive.

## IV.  CONCLUSION/ORDER

**WHEREFORE**, Sensible's Objection to Debtor's Claim of Homestead
Exemption is **SUSTAINED**.

**FURTHER**, Sensible's Objection to Debtor's Chapter 13 Plan is
**SUSTAINED**.

**FURTHER**, Sensible's Objection to Debtor's Motion to Avoid Lien is
**SUSTAINED**.

**FURTHER**, Debtor's Motion to Avoid Lien is **DENIED**.

Ordered:

October 27, 2023

Thad J. Collins
Chief Bankruptcy Judge